| AO-10 Rev. 1/2004 | FINANCIAL DISCLOSURE REPORT FOR CALENDAR YEAR 2004 | Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) |

| 1. Person Reporting (Last name, First name, Middle initial)<br><br>BARKER, SARAH E | 2. Court or Organization<br><br>U.S. District Court, SD, IND | 3. Date of Report<br><br>5/5/2005 |
|---|---|---|
| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>U.S. District Judge, Active | 5. ReportType (check appropriate type)<br><br>◯ Nomination, Date<br>◯ Initial  ⦿ Annual  ◯ Final | 6. Reporting Period<br><br>1/1/2004<br>to<br>12/31/2004 |
| 7. Chambers or Office Address<br><br>210 U.S. COURTHOUSE<br>46 EAST OHIO STREET<br>INDIANAPOLIS, INDIANA 46204 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer_____  Date_____ | |

IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## I. POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)

☐ NONE - (No reportable positions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Member | Indiana Academy |
| 2. Member | Spirit and Place Advisory Board |
| 3. Member, Board of Advisors | Indiana University-Purdue University at Indianapolis |
| 4. Emeritus Member, Board of Visitors | Indiana University, School of Law, Bloomington |
| 5. Member | Distinguished Alumni Service Award Club, Indiana University |
| 6. Director and Editor | Federal Judges Association |
| 7. Member | Indianapolis, Federal and Indiana State Bar Associations |
| 8. Member | The Lawyers Club, Indianapolis |
| 9. Director | Clarian Health Partners (non-profit) |
| 10. Member | Downtown Kiwanis Club of Indianapolis |
| 11. Director | Indiana Historical Society |
| 12. Co-Chair | Women in Law Conference, Indianapolis |
| 13. Director | Einstein Institute for Science, Health and the Courts |
| 14. Member, Executive Committee | The Gathering |
| 15. Board of Advisors | Center for International & Comparative Law, Indiana University School of Law -- Indianapolis |
| 16. Member | Women Judges Association |
| 17. Director/Member | Methodist Health Group Inc. (non-profit) |
| 18. Director | Advanced Science and Technology Adjudication Resource |
| 19. Advisor | American Law Institute, Aggregate Litigation project |
| 20. Director | Hanover College, Hanover, Indiana |

## II. AGREEMENTS. (Reporting individual only; see pp. 14-16 of filing instructions)

☑ NONE - (No reportable agreements.)

|  | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

### A. Filer's Non-Investment Income

☑ NONE - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |

### B. Spouse's Non-Investment Income - (If you were married during any portion of the reporting year, please complete this section. Dollar amount not required except for honoraria.)

☑ NONE - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☐ NONE - (No such reportable reimbursements.)

| | SOURCE | DESCRIPTION |
|---|---|---|
| 1. | American Bar Association | March 25-28, Orlando, Fla., Litigation, Environment, Products Liability and Mass Torts CLE Conference (Transportation, meals and lodging) |
| 2. | Federal Judges Association | May 15-17, Washington. DC, Board Meeting (Transportation, meals and lodging) |
| 3. | American Law Institute | September 10-11, Philadelphia, Pa., meeting of Aggragate Litigation Advisors (Transportation, meals and lodging) |
| 4. | Advanced Science and Technology Adjudication Research Center ("ASTAR") | November 18-19, Annapolis, Md., Meeting of ASTA Board re: Standards, Credentials and Accreditation (Transportation, meals and lodging) |

## V. GIFTS. (Includes those to spouse and dependent children. See pp. 28-31 of instructions.)

☐ NONE  - (No such reportable gifts.)

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | President Adam Herbert, Indiana University | Two tickets to Indiana University basketball game | $42 |
| 2. | Margot Eccles | Two tickets to United Way's "United on Broadway" dinner and "Lion King" fundraiser | $316 |
| 3. | 43 present/former staff, family and personal friend of reporting individual | For 20th Anniversary as US District Judge, 4 dinners, gift and hotel overnight | $919 |
| 4. | Indiana Historical Society/Lumina Foundation Table | 2 dinners at Society annual fundraiser for which Judge served on planning committee | $150 |

## VI. LIABILITIES. (Includes those of spouse and dependent children. See pp. 32-34 of instructions.)

☐ NONE  - (No reportable liabilities.)

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | NONE | | |
| 2. | SEE "ADDITIONAL INFORMATION FOR EXPLANATIONS" | | |

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 5/5/2005 |

## VII. INVESTMENTS and TRUSTS -- income, value, transcations (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A -H) | (2) Type (e.g. div. rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. Bose McKinney & Evans Retirement Plan, Common Trust Fund | E | Dividend | M | T | | | | | See explanatory note. |
| 1a. -Kirr Marbach Equity Fund | D | Dividend | L | T | | | | | |
| 1b. -Private Capital Management Equity Fund | D | Dividend | L | T | | | | | |
| 1c. -Fidelity Investment Grade Bond Fund | B | Dividend | | | Redeem | 8/4 | K | D | |
| 1d. -Vanguard Wellington Balanced Fund (VWENX) | B | Dividend | K | T | Buy* | 8/20 | K | | *Reallocation |
| 1e. -Vanguard Intermediate Term Bond Index Fund | A | Dividend | J | T | Buy* | 8/20 | J | | *Reallocation |
| 1f. -Vanguard Reit Index Fund | B | Dividend | J | T | Buy* | 8/20 | J | | *Reallocation |
| Indianapolis Post Office Credit Union, Account | B | Interest | K | T | | | | | |
| 3. JP Morgan Chase Bank, formerly Bank One, Indianapolis | A | Interest | J | T | | | | | |
| 4. EuroPacific Growth Fund, Los Angeles, CA, (IRA) | | | | | | | | | |
| (Mutual Fund) | A | Dividend | K | T | | | | | |
| 5. Merrill Lynch Global Allocation Fund, Inc., (IRA) | | | | | | | | | |
| (Mutual Fund) | A | Dividend | K | T | | | | | |
| 6. Merrill Lynch Retirement Reserves (IRA Money Accounts) | A | Interest | J | T | | | | | See explanatory note |
| 7. JP Morgan Chase Bank, formerly Bank One, Indianapolis | | None | J | T | | | | | |
| 8. JP Morgan Chase Bank, formerly Bank One, Indianapolis | A | Interest | J | T | | | | | |
| 9. CISCO Systems, Inc. Common Stock | | None | J | T | | | | | |
| 10. Align Technology, Inc. Common Stock | | None | J | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income/Gain Codes: (See Columns B1 and D4) | A = $1,000 or less F = $50,001-$100,000 | B = $1,001-$2,500 G = $100,001-$1,000,000 | C = $2,501-$5,000 H1 = $1,000,001-$5,000,000 | D = $5,001-$15,000 H2 = More than $5,000,000 | E = $15,001-$50,000 |
| 2. Value Codes: (See Columns C1 and D3) | J = $15,000 or less N = $250,000-$500,000 P3 = $25,000,001-$50,000,000 | K = $15,001-$50,000 O = $500,001-$1,000,000 | L = $50,001-$100,000 P1 = $1,000,001-$5,000,000 P4 = $More than $50,000,000 | M = $100,001-$250,000 P2 = $5,000,001-$25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q = Appraisal U = Book Value | R = Cost (Real Estate Only) V = Other | S = Assessment W = Estimated | T = Cash/Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| BARKER, SARAH E | 5/5/2005 |

## VII. INVESTMENTS and TRUSTS – income, value, transcations (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A -H) | (2) Type (e.g. div. rent. or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g. buy, sell, merger, redemption) | not exempt (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 11. JP Morgan Chase Bank, formerly Bank One, Indianapolis | B | Interest | L | T | | | | | |
| 12. Hartford Whole Life | | None | J | T | | | | | |

| 1. Income/Gain Codes: (See Columns B1 and D4) | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: (See Columns C1 and D3) | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100.001-$250,000 | |
| | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 - - | |
| | P3 = $25,000,001-$50,000,000 | | P4 = $More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |
| | U = Book Value | V = Other | W = Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS     (Indicate part of Report.)

Section VI: Our ████████████████████ has graduate educational loans which may have been occasionally listed, wrongfully, on ████████ credit report. However, █████ nly is signed on such loans, and neither the reporting person nor █████ s involved in such loans in any legal capacity.

Section VII (1): The interest in the "Bose McKinney & Evans Retirement Plan" is an interest of Spouse in a tax-deferred common trust fund for retirement purposes, which is maintained by █████ former employer. The overall Retirement Plan is itself governed by trustees who are elected from within the partnership of the Bose McKinney & Evans law firm. █████ s not eligible to vote for such trustees and has no voice in nominating or otherwise selecting them. As a result of changes by such trustees, the Fidelity Investment Grade Bond Fund was redeemed in 2004 (see line 1c); this released monies which could be reallocated among as many as ten collective accounts approved by said trustee. █████ nterest was therefore rebalanced, and the portion previously in l(c) is now in the three commingled funds named at 1(d), 1(e), and 1(f). All funds listed in this report for the Retirement Plan, including but not limited to the three here which are newly designated, are managed by independent professional managers who engage in various and/or numerous transactions within their respective funds. In the course of overseeing assets in the various commingled funds listed in this Financial Disclosure Report, the Plan trustees have delegated to the professional fund managers all authority with regard to purchases, sales, exchanges, or other dispositions of assets within each fund. █████ accordingly has no more control over individual assets than would be had as an investor in any publically-traded mutual fund. █████ nterest in the Plan as a whole represents less than one percent of the Plan's assets, and █████ s making no contribution to the Plan outside the reinvestment sources generated from within the above-listed funds themselves.

Section VII (6): "Merrill Lynch Retirement Reserves" is an aggregated and occasionally reportable, temporary accumulation of IRA cash held as reserves and/or swept into deposit accounts in Merrill Lynch banks. This is in essence a cash flow phenomenon which occurs to varying degrees within IRA accounts prior to dividends, etc., being automatically reinvested in the underlying holdings, which themselves produced the dividends. Such underlying holdings are disclosed fully elsewhere in Section VII.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | BARKER, SARAH E | 5/5/2005 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature                 Date May 5, 2005

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C.  20544